HELEN OPRESKA ET AL., RESPONDENTS, v. ISRAEL SHAPIRO, APPELLANT.

Submitted July 9, 1923—Decided November 19, 1923.

1. Proximate cause—the rule applied to a violation of the provisions of the Tenement House act, (4 *Comp. Stat., p.* 5321; *Pamph. L.* 1904, *p.* 96; *Supp. Pamph. L.* 1919, *p.* 526), that causal connection ceases where there is interposed, between the negligence and the damages, an object which, if due care had been taken, would have prevented the damage.
2. The question of proximate cause is sometimes a question of law and sometimes a question of fact, according to the circumstances of the particular case.
3. It was not error to submit to the jury to determine, as a question of fact, the defendant's negligence in violating the provisions of the Tenement House act, as a proximate cause of the plaintiffs' injury; also that of plaintiffs' contributory negligence.

On appeal from the Hudson County Circuit Court.

For the appellant, *Messrs. Pomerehne & Laible.*

For the respondent, *Messrs. Lazarus, Brenner & Vickers.*

The opinion of the court was delivered by

BLACK, J.   An examination of the record in this case discloses these undisputed facts.   On March 30th, 1921, and previously thereto, the defendant owned the tenement-house No. 1048 Broadway, in the city of Bayonne.   The plaintiffs were tenants, occupying one of the third story apartments. At two o'clock in the morning of that day a fire occurred in

the premises. The plaintiff Helen Opreska, while attempting to leave the apartment by means of a fire escape, that led from the bathroom window, fell and was injured. The injury happened to the plaintiff, to use her words from the testimony, thus: "I put my foot on the window sill and as I did this collapsed." *Q.* "What collapsed?" *A.* "The window sill, the piece of wood" * * * "the window sill broke off. I slipped backwards on the sill." The suit was instituted to recover damages for personal injuries to the wife and consequential damages to the husband, caused by a violation of the Tenement House act. 4 *Comp. Stat., p.* 5321; *Pamph. L.* 1904, *p.* 96; *Supp. Pamph. L.* 1919, *p.* 526.

The pertinent paragraphs of that statute are: "All fire escapes hereafter erected on any tenement-house shall open directly from at least one room in each apartment at each story above the ground floor, other than a bathroom or water closet compartment," article 11, section 1, subdivisions 38 * * * "They (*i. e.,* the fire escape balconies) shall be below, and not more than one foot (1′ 0″) below, the window sills and extend in front of," &c.; subdivision 42, article 11, section 1. The wording of the supplement (*Pamph. L.* 1919, *p.* 528, ¶¶ 38, 42), with a slight difference, is substantially the same.

The two particulars in which the act was violated were— *first,* the entrance to the fire escape led from a bathroom window; a bath tub was in front of the window; *second,* the balcony of the fire escape leading from the apartment of the plaintiff was more than a foot, fifteen inches, below the window sill. This latter point, the trial judge said, he did not see had anything to do with the case, as the plaintiff slipped before she got out of the window. The trial judge refused to nonsuit the plaintiff or direct a verdict in favor of the defendant. Exceptions to the rulings were noted as grounds of appeal.

These are the only grounds that will be considered, although the record shows there are eleven grounds of appeal filed. The others are not proper for the reason that they are matters to be considered on a rule to show cause and not on

an appeal. *Smith* v. *Brunswick Laundry Co.,* 93 *N. J. L.*
436. The trial court submitted to the jury the questions
whether the proximate cause of the injury was the negli-
gence of the defendant and whether the plaintiff Helen
Opreska was guilty of contributory negligence. These are
the only questions involved on this appeal. The jury found
that the tenement-house was erected after March 25th, 1904,
*i. e.,* after the passage of that act, so the act *is* applicable.
The subject of proximate cause has been so fully examined
and carefully considered in this court, by Mr. Justice Depue,
in the case of *Delaware, &c., Railroad Co.* v. *Salmon,* 39
*Id.* 299, that it would seem as if nothing more could
be added. This is one of the troublesome questions in the
law of negligence. In that case the rule formulated by
*Whart. Neg.,* ¶ 135, was approved, *viz.,* the only rule to which
we can resort is that causal connection ceases where there is
interposed, between the negligence and the damage, an object
which, if due care had been taken, would have prevented the
damage. This, it is said, in that case (at *p.* 310), is some-
times a question of law and sometimes a question of fact,
according to the circumstances of the particular case. In the
case under discussion, we think it is quite clear, it was not
error for the trial court to submit this question of fact to
the jury to determine. Any extended discussion of the facts
would seem quite unnecessary; but this much may be said,
that the fire escape was put in the bathroom in violation of
the command of the statute. The plaintiff endeavored to
make her escape by means of the fire escape. The bathtub ob-
structed the way and made it difficult for the plaintiff Helen
Opreska to get a proper footing. She then stepped on the
window sill with one foot and it gave way. The landlord in
putting the fire escape in the bathroom impliedly invited the
tenants to use it for that purpose. He was, therefore, under
a legal duty to use reasonable care to provide a safe exit, and
it was a jury question whether he had done so. The land-
lord having undertaken to discharge the duty imposed by the
statute, and failing in the performance of such duty, the ques-
tion whether the defendant's negligence in violating the pro-

visions of the statute was the proximate cause of the plaintiff's injury under all the circumstances of the case was a jury question; so, also, the contributory negligence of the plaintiff Helen Opreska. The jury could properly find her act was merely a condition and not a contributory cause of the injury. *Delaware, &c., Railroad Co. v. Trautwein,* 52 *N. J. L.* 169, 172. Other cases in our reports, in which the Tenement House act has been considered, in reference to actions brought to recover damages for personal injuries caused by a violation of its provisions are: *Cittadino v. Schackter,* 83 *Id.* 593; *Pesin v. Jugovich,* 85 *Id.* 256; *Kargman v. Carlo, Id.* 632.

Finding no error in the record, the judgment of the Hudson Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, WHITE, HEPPENHEIMER, GARDNER, VAN BUSKIRK, JJ. 10.

*For reversal*—KATZENBACH, ACKERSON, JJ. 2.